## Case No. 10,046.

### In re NATIONAL LIFE INS. CO.

[6 Biss. 35.][1]

District Court, N. D. Illinois. April, 1874.

BANKRUPTCY — CORPORATIONS — RECEIVER APPOINTED BY STATE COURT—AMENDMENT TO BANKRUPT ACT.

1. The amendment of February 13, 1873, to the bankrupt act [17 Stat. 436], does not deprive the bankruptcy courts of jurisdiction over a corporation of which a receiver had been appointed by a state court.

2. This amendment does not oust the federal courts of jurisdiction, but simply saves the acts done by the state court and receiver prior to the filing of the petition.

---

2 [From 30 Leg. Int. 272.]
1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

In bankruptcy. This was an answer to the petition in bankruptcy, in the nature of a plea to the jurisdiction. The answer sets up that the petition was filed on the 14th of February, 1874, alleging non-payment of a death-loss for $1,000; whereas, on the 15th of December, 1873, a bill was filed in the circuit court of Cook county, by the attorney-general, for the purpose of winding up the affairs of the company, and distributing its assets ratably, pursuant to the act of the general assembly of March 11, 1869 (Sess. Laws, 209); that in that suit a decree was subsequently made appointing Kirk Hawes receiver, with authority to take possession of all the assets of the company and divide the same among its creditors and those entitled thereto; that the receiver had taken full possession of the assets and property of the company in pursuance of such decree, and was proceeding to execute the decree and mandate of said court; wherefore respondent submits that this court has no jurisdiction to adjudge respondent a bankrupt.

Clarkson & Van Schaack, for petitioner.
Kirk Hawes, receiver, pro se.

BLODGETT, District Judge. This answer brings before the court for construction the act of congress passed on the 3d of February, 1873, amendatory of the bankrupt act. It is claimed that the state court having acquired jurisdiction of the debtor and its assets, under the laws of this state providing for winding up its affairs and distributing its assets, the amendment in question excepts the debtor from the operations of the bankrupt law, and leaves the debtor in the hands of the state courts.

Prior to the passage of this amendment the federal courts had uniformly held that the pendency of proceedings in the state courts to administer the affairs of an insolvent corporation did not prevent the federal courts from assuming full jurisdiction on a proper case made in bankruptcy. In re Merchants' Ins. Co. [Case No. 9,441.]

The language of the act in question is peculiar. It is as follows: "Be it enacted," etc., whenever a corporation created by the laws of any state, whose business is carried on wholly within the state creating the same, and also any insurance company so created, whether all its business shall be carried on in such state or not, has had proceedings duly commenced against such corporation or company before the courts of such state for the purpose of winding up the affairs of such corporation or company and dividing its assets ratably among its creditors and lawfully among those entitled thereto, prior to proceedings having been commenced against such corporation or company under the bankrupt laws of the United States, any order made, or that shall be made, by such court, agreeably to the state law for the ratable distribution or payment

of any dividend of assets to the creditors of such corporation or company, while such state court shall remain actually or constructively in possession or control of the assets of such corporation or company, shall be deemed valid, notwithstanding proceedings in bankruptcy may have been commenced and be pending against such corporation or company." Rev. St. U. S. 1874, § 5123.

It will be seen that it does not say that in case of proceedings in state courts the bankrupt court shall not take jurisdiction. It declares that all orders made by the state court agreeably to the state law for the ratable distribution or payment of dividends or assets, while such state court shall remain actually or constructively in possession of assets, shall be deemed valid. The phrase, "while the state court, by its receiver, is in possession of assets," seems to imply that the state court may be divested of possession at some time by the proceeding in bankruptcy, and the language of the act only says that the orders of the state court for the payment of dividends, while so in the possession, shall be valid. That is to say, the court in bankruptcy shall not set aside the orders and decrees of the state court, and begin the administration of the estate de novo, but shall take hold where the state court leaves off, or where it finds the debtor at the time of adjudication.

It seems very clear to me that if congress had intended to divest the bankrupt courts of jurisdiction over this class of debtors it would have said so clearly and unmistakably. The courts had so expounded the bankrupt law at the time this amendment was passed as to hold that jurisdiction was conferred over this class of debtors, notwithstanding the pendency of winding up proceedings, and if it had been the intention to leave these corporations in the hands of the state courts exclusively, congress would have said so.

Another consideration which has great weight with me on this point, is that fraudulent conveyances, gifts and preferences, which are prohibited by the bankrupt law, can only be reached and set aside by attack from the assignee in bankruptcy, after adjudication; and it seems to me congress did not intend to leave the creditors of such corporations remediless as to such transactions. The reasoning would seem to be this: The receiver of a state court can convert into money and divide the tangible assets and property of these corporations. perhaps as well as an assignee in bankruptcy, and what the state courts shall do in that direction, the bankrupt court shall not undo, but the creditors shall also have all the remedies of the bankrupt law for recovering fraudulent gifts and conveyances, and property or money paid by way of preference.

The objections on the ground of juris-

diction raised by the answer are, therefore, overruled. And it having been conceded on the argument that the acts of bankruptcy alleged in the petition are true and well-pleaded an adjudication will be entered according to the prayer of the petition.

As to the effect of possession of property by a receiver appointed by a state court, consult Bump, Bankr. (8th Ed.) 203, 305, and cases there cited.